[Cite as *State v. Sharkey*, 2025-Ohio-5117.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                    :          APPEAL NO.   C-240675
                                             TRIAL NO.    C/24/CRB/3643/D
    Plaintiff-Appellee,           :

  vs.                              :
                                                    *JUDGMENT ENTRY*
BRECKIN SHARKEY,                  :

    Defendant-Appellant.          :


This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.


**To the clerk:**

**Enter upon the journal of the court on 11/12/2025 per order of the court.**


**By:**_____
       **Administrative Judge**

[Cite as *State v. Sharkey*, 2025-Ohio-5117.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                          :          APPEAL NO.   C-240675
                                                   TRIAL NO.    C/24/CRB/3643/D
    Plaintiff-Appellee,             :

  vs.                                   :

                                                   *O P I N I O N*
BRECKIN SHARKEY,                        :

    Defendant-Appellant.            :


Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: November 12, 2025


*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Law Office of Michele L. Berry, L.L.C.*, and *Michele L. Berry*, for Defendant-Appellant.

**NESTOR, Judge.**

**{¶1}** Defendant-appellant Breckin Sharkey appeals the judgment of the Hamilton County Municipal Court convicting him of first-degree misdemeanor domestic violence. Sharkey argues that he received ineffective assistance of counsel at trial. For the reasons discussed in this opinion, we disagree. We therefore affirm the judgment of the trial court.

## I. Factual and Procedural History

**{¶2}** On March 3, 2024, Sharkey was charged with inducing panic, domestic violence, and two counts of aggravating menacing. The charges proceeded to a bench trial, where the trial court convicted Sharkey of domestic violence in violation of R.C. 2919.25. The court acquitted him of inducing panic. The two counts of aggravated menacing were dismissed for want of prosecution.

**{¶3}** The events giving rise to the domestic-violence charge involved a roadway encounter between Sharkey and his ex-girlfriend, Samantha Harris. Harris was driving one way, and Sharkey was in the other lane, driving the other way.

**{¶4}** Harris testified that Sharkey swerved into oncoming traffic towards Harris's car while laying on his horn. She believes he was trying to run her off the road. Sharkey alleges that he swerved because he had dropped something and was trying to retrieve it.

**{¶5}** Harris's testimony also describes interactions between her and Sharkey that had occurred earlier that day. Harris testified that Sharkey was acting angry and drunk at their apartment. When Harris attempted to go upstairs to her friends' apartment, Sharkey grabbed her arm as if he was trying to pull her down the stairs. When Harris eventually reached her friends' apartment, she and her friends watched from a window as Sharkey waved a gun around in the parking lot.

**{¶6}** After the encounter on the roadway, Harris returned to her apartment and called the police. Police responded and discussed the events with Harris, her friends, and Harris's parents. One of the officers, Officer Griffith, recorded the interaction on his body-worn camera.

**{¶7}** Sharkey's trial counsel introduced the body-worn-camera video ("BWC") into evidence. Counsel used the BWC in a few different ways.

**{¶8}** First, counsel attempted to use the BWC to impeach Harris. Counsel asked Harris if she had told police that Sharkey had not threatened her that day. But, on the BWC, Harris did make statements incriminating Sharkey to that effect.

**{¶9}** Next, counsel used the BWC when cross-examining Officer Griffith. On the BWC, Officer Griffith indicated that he did not initially believe that police had sufficient evidence to charge Sharkey for domestic violence. Counsel pointed out this fact as part of Sharkey's defense.

**{¶10}** In one assignment of error, Sharkey alleges that his counsel was ineffective for introducing the BWC into evidence. He argues that the BWC contained impermissible prejudicial statements. Further, Sharkey argues that the State would not have been able to sufficiently prove the elements of domestic violence without the statements contained in the BWC.

## II. Analysis

**{¶11}** Ineffective assistance of counsel claims invoke a two-prong analysis. To prevail, Sharkey must show that counsel's performance was deficient, and that he was prejudiced as a result of counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984).

**{¶12}** To establish deficient performance, Sharkey must show that counsel's representation fell below an "objective standard of reasonableness." *State v. Ross*,

2024-Ohio-3117, ¶ 36 (1st Dist.), citing *Strickland* at 687-688.  To show prejudice, Sharkey must show that "'there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  *Id*. at ¶ 37, quoting *Strickland* at 694.

**{¶13}** A defendant's failure to make a showing on either prong is fatal.  *See Strickland* at 697.  If a defendant fails to make an adequate showing on one prong, the court need not review the other prong.  *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000), citing *Strickland* at 697.

**{¶14}** When analyzing the first prong of *Strickland*, whether counsel's performance was deficient, courts "'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"  *State v. Daniels*, 2018-Ohio-1701, ¶ 23 (1st Dist.), quoting *Strickland*, 466 U.S. at 689.  The defendant must "overcome the presumption that . . . the challenged action might be considered sound trial strategy."  *Id*.  The mere fact that trial counsel's strategy looks questionable in hindsight does not support an ineffective assistance claim.  *State v. Thomas*, 2025-Ohio-1343, ¶ 49 (1st Dist.) (citing cases).  Appellate courts must refrain from second guessing the strategic decisions of trial counsel.  *State v. Carter*, 72 Ohio St.3d 545, 558 (1995).

**{¶15}** Here, counsel's choice to introduce the BWC constitutes the type of trial strategy that appellate courts do not second guess.  Counsel used the BWC to show that police originally did not think there was sufficient evidence to charge Sharkey with domestic violence.  This is classic trial strategy, and we will not second-guess it on appeal.

**{¶16}** Sharkey alleges that the BWC included damaging statements that otherwise would not have been in the record.  But even if we were to find counsel's

decision to introduce the BWC questionable, that would not be enough to support the claim that counsel's performance was deficient. "Questionable trial strategies and tactics . . . do not rise to the level of ineffective assistance of counsel." *State v. Snyder*, 2025-Ohio-4444, ¶ 185 (1st Dist.), quoting *State v. Mohamed*, 2017-Ohio-7468, ¶ 18.

{¶17} Therefore, Sharkey fails on the first prong of *Strickland*, as he cannot show that his counsel's performance was deficient because introducing the BWC constitutes trial strategy that appellate courts do not second-guess on appeal.

{¶18} Because Sharkey fails on the first prong, we need not address the second prong. *See Strickland*, 466 U.S. at 697. But to be sure, Sharkey fails on the second prong too.

{¶19} The second prong of the *Strickland* analysis requires Sharkey to show that but for counsel's errors, there is a reasonable probability that the result of the trial would have been different. *Id.* at 694. And Sharkey cannot show that but for the introduction of the BWC, the outcome of the trial would have been different.

{¶20} Sharkey argues that the State's evidence failed to sufficiently prove the elements of domestic violence. He asserts he would not have been convicted had counsel not introduced statements contained in the BWC into evidence.

{¶21} But the State provided evidence of Sharkey's conduct through Harris's testimony. When asked if Sharkey was "attempting to ram his car into [her]," Harris replied, "Yes." The trial judge stated that she found this testimony, along with other evidence, credible.

{¶22} Sharkey was convicted at a bench trial. At a bench trial, there is a presumption that the judge "know[s] the law" and considers only proper, relevant evidence. *State v. Montgomery*, 2016-Ohio-5487, ¶ 90 (2016); *see State v. Tolbert*, 2019-Ohio-2557, ¶ 14 (1st Dist.) ("A judge in a bench trial is presumed not to have

6

considered improper evidence in reaching a verdict.").

**{¶23}** Sharkey cannot overcome this presumption. He alleges that the trial judge considered improper hearsay evidence contained in the BWC. Although the judge did view the BWC before rendering the verdict, Sharkey cannot show that the judge improperly considered the BWC. The judge stated reasons for her verdict that had nothing to do with the BWC. She expressed that she found Harris's testimony credible, and that the State corroborated the roadway events with an additional witness.

**{¶24}** The judge's statements that Sharkey's conviction was based on evidence other than the BWC coupled with the presumption that a judge in a bench trial does not consider improper evidence is sufficient to overcome Sharkey's contention that the introduction of the BWC affected the outcome of the trial.

**{¶25}** Accordingly, because Sharkey fails on both prongs of the *Strickland* analysis, we overrule his assignment of error.

### III. Conclusion

**{¶26}** Because we find no error, we affirm the judgment of the trial court.

Judgment affirmed.

**ZAYAS P.J.,** and **MOORE, J.,** concur.